UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SIMARJEET SINGH (A No. 215 814 912),

Petitioner,

v.

WARDEN, CALIFORNIA CITY ICE DETENTION FACILITY, et al.,

Respondents.

No.  1:26-cv-4020 TLN CKD P

FINDINGS AND RECOMMENDATIONS

Petitioner, detained by the Immigration and Customs Enforcement Agency (ICE), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging that detention.[1]   For the reasons which follow, the court recommends that the petition be dismissed.

I.  Facts

Petitioner is a native and citizen of India.  ECF No. 8-1 at 1.  He entered the United States on September 8, 2018, near Otay Mesa.  ECF No. 1 at 5.  At some point petitioner was taken into custody.  On October 19, 2018, petitioner was charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) and 8 U.S.C. § 1182(a)(7)(A)(i)(I).  ECF No. 8-2 at 1.  On November 13, 2018,

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

he was released on bond pending a "final administrative determination" as to whether petitioner would be permitted to remain in the United States.  ECF No. 8-3 at 1.

While on release, and beginning on January 15, 2020, petitioner amassed an extensive criminal history (ECF No. 8-4) culminating with a Kern County conviction for arson of a structure or forest land on January 22, 2025 for which petitioner was sentenced to 4 years in prison.  Id. at 14.  Upon release from prison Pleasant Valley State Prison on February 12, 2026, petitioner was taken into ICE custody.  ECF No.  ECF No. 8-1 at 1-2.  Petitioner has not received a hearing concerning the validity of arrest or detention, id., although it does not appear petitioner has requested one.  The status of petitioner's immigration proceedings is not clear.

II.  Standard for Habeas Relief

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

III.  Analysis

Respondents argue that petitioner is subject to mandatory detention under 28 U.S.C. § 1226(c)(1)(A) and 28 U.S.C. § 1182(c)(2) without any process such as a bond hearing because petitioner's conviction for arson of a structure or forest land amounts to a crime of "moral turpitude."  It does not appear that the Ninth Circuit has considered whether arson of a structure

/////

/////

/////

2

or forest land in California is a crime of moral turpitude and it is not entirely clear whether it categorically is.[2]

Petitioner has the ability to challenge whether his conviction qualifies petitioner for mandatory detention via a request for a Matter of Joseph, 22 I&N Dec. 799 (BIA 1999) hearing before an immigration judge, Demore v. Kim, 538 U.S. 510, 514 (2003), and he has the ability to appeal any decision to the Board of Immigration Appeals.  Buckley v. Chestnut, No. 1:26-cv-02624-DAD-JDP, 2026 WL 1030931, at *3 (E.D. Cal. Apr. 16, 2026).  Since it is not clear under law whether arson of a structure or forest land in California is a crime of moral turpitude, petitioner pursuing a hearing before an immigration judge and then an appeal are not futile.  Also the court finds agency expertise makes agency consideration appropriate.  Not requiring petitioner to exhaust the agency remedies available to him would encourage deliberate bypass of such remedies by others.  Furthermore, agency review will allow the agency to correct mistakes possibly precluding the need for judicial review.  Considering all of these factors, this action should be dismissed for plaintiff's failure to exhaust the remedies available to him.  Id.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  The petition for writ of habeas corpus (ECF No. 1) be DISMISSED for failure to exhaust available administrative remedies; and

2.  This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within 14 days after service of the objections.  The parties are advised that

---

[2] A crime involving moral turpitude has been defined to include "a crime that (1) is vile, base, or depraved and (2) violates accepted moral standards."  Walcott v. Garland, 21 F.4th 590, 598 (9th Cir. 2021) (citation modified).  A person is guilty of arson of a structure or forest land in California "when he or she willfully and maliciously sets fire to or burns or causes to be burned or who aids, counsels, or procures the burning of . . . any structure [or] forest land." Cal Penal Code § 451(c).

failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 2, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
sing4020.imm.frs

4